KEITH H.S. PECK   6825
3360 Kama'aina Place
Honolulu, HI   96817
Tel.No. (808) 384-7325
Fax No. (808) 595-7146
LawCenterHawaii@aol.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DOUG C., individually and on behalf of his minor child, SPENCER C.,<br><br>Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION, STATE OF HAWAII,<br><br>Defendants. | CIVIL NO.CV11-00441 KSC (Other Civil Action)<br><br>PLAINTIFFS' OPENING BRIEF; CERTIFICATION OF SERVICE |

### **PLAINTIFFS' OPENING BRIEF**

**I.   INTRODUCTION**

The Department of Education violated settled law when it held the November 9, 2010 IEP meeting without Student's parents in attendance. This violation alone would be sufficient basis to find that Plaintiffs were denied a free appropriate public education ("FAPE"), and to

determine an appropriate remedy. However, the Department of Education ("DOE") took this opportunity to move the location of Student's program from a private special-needs school, where he had been attending for the previous 6 or more years, to a DOE high School campus. The DOE did this without consultation of any member of his current academic program at Horizons Academy. They did this, without a sufficient discussion of Student's unique need for a careful and supportive transition between the two programs.

In his June 14, 2011 decision, the ALJ found each and every necessary supporting fact to affirm Plaintiffs' arguments of law, including:

> 23. Father testified that about a week prior to November 9, 2010, Student was sick. Records from the current private school verify that Student did not attend school from November 1 through 10, 2010.
>
> 24. Father testified that on November 8, 2010 he started to feel sick, and that evening he felt bad. Father described his sickness as being similar to what Student has been experiencing.
>
> 25. On November 9, 2010, at 7:27 a.m., Father e-mailed special education teacher K.W. writing

that because of an illness, he could not attend the scheduled IEP meeting for that day. In this e-mail, Father asked to reschedule the IEP meeting to November 16, or 17, 2010. However, these dates were past Student's November 13th annual review date.

This appeal was necessary because the ALJ found that even through Father fell ill, he did not have the right to reschedule and participate in his son's IEP development meeting.

## II. ARGUMENT

### A. UNDER THE CIRCUMSTANCES, IT WAS A DENIAL OF FAPE TO CONDUCT THE NOVEMBER 9, 2010 IEP, IN THE ABSENCE OF STUDENT'S PARENTS.

Under HAR Section 8-60-46(a), "The (DOE) shall take steps to ensure that one or both of the parents of a student with a disability are present at each IEP team meeting, or are afforded the opportunity to participate, including:

(1) Notifying parents of the meeting early enough to ensure that they will have an opportunity to attend; and
(2) Scheduling the meeting at a mutually agreed on time and place."

The Annual IEP review date was November 13, 2010. The DOE and parents had made several adjustments in scheduling

an IEP meeting, due to various reasons. Had the DOE failed to hold the IEP meeting by November 13, 2010, the violation would have been procedural in nature, and would not have violated FAPE. Instead, the DOE, knowing that no parent was going to attend the November 9, 2010 IEP, went ahead and held that meeting. Student's father contacted the DOE 5 hours before the meeting was scheduled, and informed them that he was ill and unable to participate in the meeting.

The Fourth Circuit emphasized that "Congress placed every bit as much emphasis upon compliance with procedures giving parents and guardians a large measure of participation at every stage of the administrative process as it did upon the measurement of the resulting IEP against a substantive standard." Id. at 189.  The appellate panel stated:

> We have no doubt that a procedural violation of
> the IDEA (or one of its implementing regulations)
> that causes interference with the parents'
> ability to participate in the development of
> their child's IEP will often actually interfere
> with the provision of FAPE to that child.  For
> example, if: (1) the school district members of
> an IEP team refuse to consider private

4

>evaluations offered by parents of a deaf child establishing that their child needs to be taught by a teacher with the ability to communicate in sign language in order for the child to receive a FAPE; (2) contrary evidence is insufficient to rebut the conclusions of the private evaluations on the same point: and (3) the IEP does not ultimately provide for the child to be taught be such a teacher, the school district's refusal to place the child in a classroom with that teacher no doubt actually interferes with the provision of FAPE to that child.

Id. at 191. Such a finding is warranted in this case.

The DOE changed the most fundamental aspect of Student's IEP at the November 9, 2010 IEP meeting; placement.

### B. UNDER THE CIRCUMSTANCES, NOT ADDRESSING STUDENT'S NEEDS DURING A TRANSITION, AT THE NOVEMBER 9, 2010 IEP MEETING, WAS A DENIAL OF FAPE.

THE IDEA does not require that an IEP contain a transition or transfer plan or process for a disabled child to transfer between schools. The Rowley case, holds that a FAPE is provided when the educational program: (1) addresses the child's unique needs; (2) provides adequate support services to allow the child to take advantage of educational opportunities; and (3) is in accord with the IEP.

Preparing and assisting this student with the difficulties is could be expected to exhibit a response is one of the unique needs parents could have raised, had they been in attendance at his IEP meeting. His need in this area was know and identified. Though the IDEA does not require a transition plan, it does require the team to discuss and address Student's unique needs. The November 9, 2010 IEP offer did not satisfy this requirement. Parent's right to participate in the IEP development process was seriously infringed upon, when the DOE held the meeting without them.

C. **HORIZONS IS AN APPROPRIATE PLACEMENT FOR STUDENT.**

Horizons Academy has been the DOE's choice for Student's program for years, prior to the November 9, 2010 IEP offer. Student's parent was satisfied with this placement and was very concerned with a change in this placement. According to the DOE's own record, Student has been making adequate progress at Horizons Academy.

III. <u>CONCLUSION</u>

WHEREFORE, the Plaintiffs pray that this court:

1. Reverse, the decision set forth in the Decision and Order and direct that Plaintiffs are the prevailing party;

2. Award Plaintiffs reimbursement for the placement of student at the private placement including related services such as transportation costs from the date of filing of the administrative hearing until the next annual IEP meeting date;

3. Award Plaintiffs attorneys' fees and costs under 20 U.S.C. Section 1415(e) and under the Rehabilitation Act of 1973;

4. Enter such other and appropriate Relief deemed just and necessary by this court.

DATED:   Honolulu, Hawai'i, September 26, 2011.

_____
KEITH H.S. PECK
Attorney for Plaintiffs

7

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DOUG C., individually and on behalf of his minor child, SPENCER C.,<br><br>    Plaintiffs,<br><br>    vs.<br><br>DEPARTMENT OF EDUCATION, STATE OF HAWAII,<br><br>    Defendants. | CIVIL NO.CV11-00441 KSC (Other Civil Action)<br><br>PLAINTIFFS' OPENING BRIEF; CERTIFICATION OF SERVICE |

**CERTIFICATE OF SERVICE**

This is to certify that a copy of "Petitioners' Scheduling Conference Statement" was duly served this day first class U.S. mail, postage-paid, upon the following:

> MICHELLE PUU , ESQ.
> HOLLY SHIKADA, ESQ.
> Deputy Attorney General
> Department of the Attorney General
> 235 S. Beretania Street, Room 304
> Honolulu, Hawaii  96813
>
> Counsel for the Defendant

DATED:  Honolulu, Hawaii, September 26, 2011.



KEITH H.S. PECK